UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAFAEL MONTALVO,

      Plaintiff,

v.                                  CASE NO.:

P.G. BULK, INC d/b/a YOUNG
TRUCKING BULK INC.,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RAFAEL MONTALVO, by and through undersigned counsel, brings this action against Defendant, P.G. BULK, INC. d/b/a YOUNG TRUCKING BULK INC., and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), the Families First Coronavirus Response Act ("FFCRA"), 29 CFR 826, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

**PARTIES**

4.      Plaintiff is a resident of Hillsborough County, Florida, and he worked Tampa in Hillsborough County for Defendant.

5.      Defendant operates a trucking company in Hillsborough County, Florida.

**GENERAL ALLEGATIONS**

6.      This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA, the FFCRA, and the FLSA, and retaliated against Plaintiff for exercising these same rights.

7.      At the time of these events, Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

8.      Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9.      Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10.      At all times material hereto, Plaintiff was an "employee" of Defendant" under the FFCRA.

11.      At all times material hereto, Plaintiff was an "eligible employee" within the meaning of the FFCRA.

12.      At all times material hereto, Plaintiff was employed at least 30 calendar days by Defendant.

13.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

14.     At all times material hereto, Plaintiff was an 'employer" within the meaning of the FFCRA.

15.     At all times material hereto, Plaintiff was engaged in commerce or was engaged in an activity affecting commerce.

16.     At all times material hereto, Plaintiff was a private entity employing fewer than 500 employees.

17.     At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

18.     At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

19.     Defendant continues to be an "employer" within the meaning of the FLSA.

20.     At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

21.     At all times relevant to this action, Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

22.     At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

23.     Plaintiff has satisfied all conditions precedent, or they have been waived.

24.     Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

25.     Plaintiff requests a jury trial for all issues so triable.

**FACTS**

26.     Plaintiff began working for Defendant in or around January 2013.

27.     On or around August 5, 2020, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

28.      On or about August 27, 2020, Plaintiff submitted proper medical documentation to Defendant in support of his FMLA leave request to himself.

29.     On or around August 27, 2020, Plaintiff requested to quarantine because he tested positive for COVID-19.

30.     On or about August 30, 2020, Plaintiff's employment was terminated for excessive absences from work that should have been protected by the FMLA and the FFCRA.

31.     Plaintiff exercised his rights under the FMLA and the FFCRA by requesting medical leave to care for himself.

32.     By terminating Plaintiff's employment, Defendant violated Plaintiff's rights under the FMLA and the FFCRA.

33.     At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

34.     Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

35.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FMLA INTERFERENCE

36.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as fully set forth herein.

37.     Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

38.     By terminating Plaintiff's employment for requesting medical leave for himself, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

39.     Defendant's actions were willful and done with malice.

40.     Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b)     An injunction restraining continued violation of the FMLA by Defendant;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or,

in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)     Front pay;

(f)     Liquidated Damages;

(g)     Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

41.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 30 of this Complaint, as fully set forth herein.

42.     Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

43.     Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

44.     Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating his employment.

45.     Defendant's actions were willful and done with malice.

46.     Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)     That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b)     An injunction restraining continued violation of the FMLA by Defendant ;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)     Front pay;

(f)     Liquidated Damages;

(g)     Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## COUNT III – FFCRA INTERFERENCE

47.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

48.     Plaintiff was tested for COVID-19, needed to quarantine, and requested leave under the FFCRA.

49.     By requesting leave, Plaintiff engaged in protected activity under the FFCRA.

50.     By terminating Plaintiff's employment for engaging in protected activity under the FFCRA, Defendant interfered with Plaintiff's FFCRA rights.

51.     The foregoing conduct, as alleged, constitutes a willful violation of the FFCRA.

52.     Plaintiff was injured due to Defendant's violations of the FFCRA.

**WHEREFORE**, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

(d)     Compensation for lost wages, benefits, and other remuneration;

(e)     Compensatory damages, including emotional distress, allowable at law; and for such further relief as this Court deems just and equitable.

## COUNT VI – FFCRA RETALIATION

53.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

54.     Plaintiff was tested for COVID-19, needed to quarantine, and requested leave under the FFCRA.

55.     By requesting leave, Plaintiff engaged in protected activity under the FFCRA.

56.     By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FFCRA.

8

57.     The foregoing conduct, as alleged, constitutes a willful violation of the FFCRA.

58.     Plaintiff was injured due to Defendant's violations of the FFCRA.

**WHEREFORE**, Plaintiff demands:

(f)     A jury trial on all issues so triable;

(g)     That process issue and that this Court take jurisdiction over the case;

(h)     That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

(i)     Compensation for lost wages, benefits, and other remuneration;

(j)     Compensatory damages, including emotional distress, allowable at law; and for such further relief as this Court deems just and equitable.

## COUNT V – FLSA OVERTIME VIOLATION

59.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

60.     During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

61.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

62.     As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a)      Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b)      Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c)      An equal amount to Plaintiff's overtime damages as liquidated damages;

d)      To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)      A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f)      All costs and attorney's fees incurred in prosecuting these claims; and for such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 15th day of January, 2021.

Respectfully submitted,

_____

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**

11